# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISON

| | | |
|---|---|---|
| **STEPHANIE MICHELLE CAPLAN,** | § | |
| | § | |
| Plaintiff, | § | **Civil Action No.: 5:21-cv-1059** |
| | § | |
| VERSUS | § | **JURY DEMAND** |
| | § | |
| **SHARKNINJA OPERATING, LLC**, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT FOR DAMAGES

The complaint of Stephanie Michelle Caplan, a person of the full age of majority, through undersigned counsel, alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      This is a product liability action seeking recovery for substantial personal injuries and damages suffered by **Plaintiff Stephanie Michelle Caplan** (hereafter referred to as "Plaintiff"), after Plaintiff was seriously injured by a "Ninja Foodie" pressure cooker (hereafter generally referred to as "pressure cooker(s)").

2.      Defendant SharkaNinja Operating, LLC (hereafter referred to as "Defendant SharkNinja") designs, manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Foodie" pressure cooker at issue in this case.

3.      On or about October 19, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## **THE PARTIES**

5.      Plaintiff was, at all relevant times, a resident and citizen, and domiciled in the City of Cibolo, County of Guadalupe, State of Texas. Plaintiff has resided in the City of Cibolo, County of Guadalupe, State of Texas from the time of her injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6.      Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject "Ninja Foodie" pressure cookers.

7.      Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. At the time of Plaintiff's injuries on November 3, 2019, the sole member of SharkNinja Operating, LLC was EP Midco, LLC, a Limited Liability Corporation created and organized under the law of the State of Delaware. Defendant SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Accordingly, Defendant SharkNinja is a resident and citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## **JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part

of the events or omissions giving rise to this claim occurred in this district.

10.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Louisiana and intentionally availed itself of the markets within Louisiana through the promotion, sale, marketing, and distribution of its products.

## **FACTUAL BACKGROUND**

11.      Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

12.      Defendant SharkNinja warrants, markets, advertises and sell its pressure cookers as a means to cook "easy" and "convenient" allowing consumers to "cook 70% faster than traditional cooking method[s]." [1]

13.      Defendant SharkaNinja boasts that its pressure cookers have "14 safety features," [2] which purport to keep the user safe while cooking.

14.      For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with a "safety feature" that prevents the lid from unlocking until "the unit is completely depressurized."[3]

15.      By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

---

[1] https://www.ninjakitchen.com/pressure-cookers/ (last accessed September 22, 2021)
[2] *Id*.
[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Ninja Foodi 10-in-1 8 Qt XL Pressure Cooker OS400 Series" Owner's Manual. *See,* e.g. pgs. 15, 23.

16.    On or about November 3, 2019 Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of cooking.

17.    While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to, *inter alia*, her arms and breasts.

18.    Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant SharkNinja.

19.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant SharkNinja in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20.    Defendant SharkNinja's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21.    Further, Defendant SharkNinja's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23.     As a direct and proximate result of Defendant SharkNinja's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

24.     Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant SharkNinja's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCTS LIABILITY

25.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26.     At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27.     Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

28.     Plaintiff did not misuse or materially alter the pressure cooker.

29.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant failed to adequately test the pressure cookers; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

31. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

32. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made a conscious decision not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

33.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34.     Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

35.     Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

36.     Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b.   Placed an unsafe product into the stream of commerce;

   c.   Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d.   Were otherwise careless or negligent.

37.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

38.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this

knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**THIRD CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

39.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40.     Defendant manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

41.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

42.     Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

43.     The Plaintiff in this case reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

44.     Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

45.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this

knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**FOURTH CLAIM FOR RELIEF**
**<u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>**

46.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

47.     At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

48.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

49.     Defendant's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

50.     The Plaintiff in this case and/or her family purchased and used the pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

51.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

52. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## <u>INJURIES & DAMAGES</u>

53. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries she suffered from the incident.

54. As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries she suffered from the incident.

55. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries she suffered from the incident.

56. Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

57.     Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.   judgment for Plaintiff and against Defendant;

b.   damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c.   pre and post judgment interest at the lawful rate;

d.   a trial by jury on all issues of the case; and

e.   for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**PHIPPS, ORTIZ, TALAFUSE PLLC**

Dated: October 28, 2021

/s/ *Martin J. Phipps*
MARTIN J. PHIPPS
State Bar No. 00791444
102 9th Street
San Antonio, Texas 78215
Telephone: (210) 340-9877
Facsimile: (210) 340-9899
mphipps@phippsortiztalafuse.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***